DAVIS, Judge.
Lance T. Sanchez challenges the trial court’s order revoking his probation. On appeal Sanchez raises three issues. We reverse due to the trial court’s improper ex parte conversations with court personnel and do not address the remaining issues raised by Sanchez.
While Sanchez was on probation for a charge of dealing in stolen property, the State filed an affidavit of violation alleging that Sanchez had violated his probation by committing the following offenses: burglary of a structure, grand theft, criminal mischief, and possession of burglary tools. At the violation of probation hearing, after the State rested its case, counsel for Sanchez requested a recess in order to discuss with Sanchez whether he would testify. The transcript reflects that while in recess, the trial court engaged in conversation with the assistant state attorney and the bailiff, during which the trial court made statements regarding Sanchez’s guilt.
Based on the State’s concession of error and our review of the trial court’s improper ex parte statements, we reverse the revocation of Sanchez’s probation. See Spencer v. State, 615 So.2d 688, 691 (Fla.1993) (finding that ex parte communication between trial judge and assistant state attorney during sentencing phase of trial amounted to reversible error and noting that “there is nothing ‘more dangerous and destructive of the impartiality of the judiciary than a one-sided communication between a judge and a single litigant’ ” (quoting Rose v. State, 601 So.2d 1181, 1183 (Fla.1992))). We remand the case to the trial court with instructions to set aside Sanchez’s sentence and conduct a new violation of probation hearing before a different judge.
Reversed and remanded with instructions.
WALLACE and MORRIS, JJ„ Concur.